# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

MICHAEL E. KENNEDY,

   Plaintiff,

v.

ATTORNEY GENERAL MONTY
  WILKINSON,
*Acting Attorney General of the United States,*

   Defendant.

Civil Action No.: ELH-21-1569

## MEMORANDUM OPINION

The above-entitled Petition for Writ of Mandamus was filed on June 24, 2021, together with Motions to Proceed in Forma Pauperis and for Service by the United States Marshals. ECF 2 and 3. Plaintiff will be granted in forma pauperis status. Because the petition must be dismissed, the motion regarding service shall be denied as moot.

Petitioner Michael E. Kennedy seeks an Order from this Court mandating the United States Attorney General[1] to promulgate regulations to enforce the Help America Vote Act of 2002 and National Voter Registration Act of 1993 by issuing rules requiring proof of voter identity through presentation of two forms of identification limited to the list Petitioner provides; establishing a standardized system designed to prevent cyber attacks and to detect voter fraud; requiring re-verification of voter identity within two years of publication of such rules; and imposing mandatory sanctions on States that fail to comply with such regulations including loss of federal funding. ECF 1 at 9-10. Kennedy argues that the COVID-19 pandemic does not preclude in-person voting and should not be relied upon to eliminate in-person voting because use of facemasks

---

[1]     Kennedy incorrectly names Monty Wilkinson as the Acting Attorney General. Garland Merrick is the current Attorney General.

and social distancing in other areas of daily life provide the protection needed for in-person voting. ECF 1 at 4-5. He also asserts that mail-in ballots pose a greater risk of voter fraud and maintains that the acceptable forms of identification required by some States, such as utility bills, a paycheck, employee identification, or professional licenses, do not establish citizenship permitting people to vote who are not qualified to do so. *Id*. at 5-6. He further states that regulations implementing a standardized nationwide system should be promulgated to ensure elections are free of any fraud. *Id*. at 6-8. While Kennedy grounds his claim for mandamus relief on the statutory provisions cited, he fails to provide any specific language in either Act that requires the U.S. Attorney General to promulgate the regulations he describes.

Under 28 U.S.C. § 1361 the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show: that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Or. Nat. Resource Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of

federal government officers but will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Kennedy maintains that he has a legal right as a United States citizen and a registered voter in the State of Maryland to elections that are free from fraud. However, there is nothing in the federal law that mandates the United States Attorney General to promulgate the regulations Kennedy seeks to mandate. The National Voter Registration Act ("NVRA") "reflects the view of Congress that the right to vote "is a fundamental right," that government has a duty to "promote the exercise of that right," and that discriminatory and unfair registration laws can have a "damaging effect on voter participation" and "disproportionately harm voter participation by various groups, including racial minorities." *Project Vote/Voting for Am., Inc. v. Long*, 682 F.3d 331, 334 (4th Cir. 2012) quoting 42 U.S.C. § 1973gg(a).

> The NVRA directs states to establish at least three methods of voter registration for federal elections: "(1) by application made simultaneously with an application for a motor vehicle driver's license," "(2) by mail application" using a federally prescribed form, and "(3) by application in person" at designated voter registration agencies. *Id.* § 1973gg–2(a). It further requires that states conduct a general program to remove ineligible voters from official voter lists without engaging in improper voter removal. *Id.* § 1973gg–6(a)(3)-(4).

*Long*, 682 F.3d at 334.

The Help America Vote Act ("HAVA"), passed after the presidential election in 2000, created the Election Assistance Commission ("EAC") to assist States with implementing the changes required by the Act, *see* 52 U.S.C. § 20921 *et seq.*; provided funding to States to improve election administration and replace outdated voting systems, *see* 52 U.S.C. §§ 20901, 20903; and

created minimum standards for States to follow in election administration.  HAVA mentions the Attorney General only insofar as it establishes that the "Attorney General may bring a civil action against any State or jurisdiction in an appropriate United States District Court for such declaratory and injunctive relief . . . as may be necessary to carry out the uniform and nondiscriminatory election technology and administration requirements under sections 21081, 21082, and 21083 of this title." 52 U.S.C. § 21111.  Neither Act divests the States of their powers to implement voting systems that otherwise comply with the provisions in NVRA and HAVA.

To the extent that Kennedy is dissatisfied with voter registration requirements and the manner in which voting takes place in Maryland, his grievance is with State law.  To the extent Kennedy believes national legislation is required to impose upon the States all of the requirements he believes are necessary, a legal action for mandamus is not the proper avenue to accomplish that goal.  Kennedy's implied assertion is that the Attorney General is obligated to promulgate the rules and penalties he suggests, but there is no provision in the law mandating that action from the Attorney General.  Mandamus is unavailable in this circumstance and the petition shall be dismissed.

A separate order follows.

__June 28, 2021____                             _____/s/_____
Date                                                 Ellen L. Hollander
                                                         United States District Judge